UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
SALAHUDDIN F. SMART,                    :
                                        :
           Plaintiff,                   :    Civ. No. 14-4375 (RBK) (JS)
                                        :
       v.                               :    **OPINION**
                                        :
D. MARGARET MCLIVAINE,                  :
                                        :
           Defendant.                   :
_____  :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff is a state prisoner currently incarcerated at Jones Farm in West Trenton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this matter was administratively terminated as plaintiff's application to proceed *in forma pauperis* was incomplete. Plaintiff has now submitted a new application to proceed *in forma pauperis*. Accordingly, the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the complaint.

At this time, the complaint will be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## II.      BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names one defendant in this action, Assistant Public Defender D. Margaret Mcliviane. Plaintiff states that he was indicted by a Camden grand jury in 2012 of a possession of narcotics with intent to sell. Mclivaine was assigned to him as counsel. Plaintiff states that Mclivaine was ineffective as she did not file a suppression motion on his behalf. It was only when plaintiff became his own counsel in 2013 that the state court received a suppression motion. Plaintiff states that the indictment was eventually dismissed on March 22, 2013.

Plaintiff further explains that he was arrested again on August 1, 2013 but Mclivaine did not seek to dismiss that indictment as well. Once again, plaintiff states that Mclivaine's failure to file a suppression motion demonstrated her ineffectiveness. He claims that he has been prejudiced by this failure and seeks monetary damages as a result of counsel's ineffectiveness.

## III.      STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

  B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

Plaintiff's claim against McIlvaine is based upon her role as counsel for him during his criminal proceedings and her purported ineffectiveness during those proceedings. However, plaintiff fails to state a § 1983 claim against McIlvaine as "[p]ublic defenders are not state actors for § 1983 purposes because they are not acting under color of state law when performing the traditional functions as counsel to a defendant in a criminal proceeding." *Chambers v. Hughes*, 532 F. App'x 86, 87 (3d Cir. 2013) (per curiam) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)); *see also Santos v. New Jersey*, 393 F. App'x 893, 895 (3d Cir. 2010) (per curiam) (finding that District Court properly held that plaintiff failed to state a claim against public defender who is not a state actor for purposes of § 1983 when performing traditional functions) (citation omitted). The complaint will be dismissed with prejudice as any amendment would be futile.

## V.   CONCLUSION

For the foregoing reasons, the complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

DATED: November 12, 2014                                s/Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge